U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 APR 21  AM 10: 56

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

NILAY KAMAL PATEL and RACHEL A. GLADSTONE,

    Plaintiffs,

vs.

UNIVERSITY OF VERMONT AND STATE AGRICULTURAL COLLEGE,

    Defendant.
_____/

Case No. 2:20-cv-61

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### TABLE OF CONTENTS

GENERAL ALLEGATIONS ........................................................................................................ 2

    A.   Defendant Failed to Refund Partial Tuition: The Difference in Value of Online Education vs. Live In-Person Instruction in Brick and Mortar Classrooms ............................................................................................................ 7

    B.   Defendant Failed to Refund Pro-Rated On-Campus Housing Costs ........................ 7

    C.   Defendant Failed to Refund Pro-Rated Meal Costs .................................................. 8

    D.   Defendant Failed to Refund Other Fees .................................................................... 8

CLASS REPRESENTATION ALLEGATIONS ........................................................................... 8

COUNT I:     Breach of Contact (Plaintiffs and Other Members of the Tuition Class) ....... 12

COUNT II:    Breach of Contact (Plaintiffs and Other Members of the On-Campus Housing Class) ............................................................................................... 13

COUNT III:   Breach of Contact (Plaintiffs and Other Members of the Meal and Fee Classes) ........................................................................................................ 15

COUNT IV:   Unjust Enrichment (Plaintiffs and Other Members of the Tuition Class) ...... 16

COUNT V:    Unjust Enrichment (Plaintiffs and Other Members of the On-Campus Housing Class) ............................................................................................... 17

| COUNT VI: | Unjust Enrichment (Plaintiffs and Other Members of the Meal and Fee Classes) .................................................................................................. 18 |

REQUEST FOR RELIEF ............................................................................................... 18

DEMAND FOR JURY TRIAL ....................................................................................... 19

## GENERAL ALLEGATIONS

### I. Introduction

1. Plaintiffs, NILAY KAMAL PATEL and RACHEL A. GLADSTONE, individually and on behalf of all others similarly situated ("the Putative Class"), bring this class action lawsuit against University of Vermont and State Agricultural College ("Defendant" or "UVM") to demand remediation of the Defendants' refusal to provide restitution for tuition, housing, meals, fees, and other applicable costs after the Plaintiffs and similarly situated students were denied services from UVM due to the Novel Coronavirus Disease of 2019 ("COVID-19") pandemic.

2. As a result of this refusal, the Plaintiffs and similarly situated students lost the benefits of in-person instruction, housing, meals, and student activities for which they had already paid for an entire semester. Plaintiffs and similarly situated students seek refunds of the amounts they paid on a pro-rata basis as well as other damages to be elaborated on herein.

3. Specifically, as set forth more fully below, Plaintiffs and the Putative Class members contracted with Defendant for certain services and paid for those services in the form of tuition and other fees.

4. As a result of the partial closure of Defendant's facility, Defendant has not delivered the services for which the Plaintiffs and the Putative Class contracted and paid. Nor has the Defendant fully refunded the money for these undelivered services.

5. As a result, the Plaintiffs and the Putative Class are entitled to a refund of all or part of the tuition and fees for which Defendant has been unable to provide the contracted for services, facilities, access and/or opportunities.

**II.    Parties**

6. The Plaintiffs, NILAY KAMAL PATEL, is an individual and a resident and citizen of the United Kingdom.

7. The Plaintiffs, RACHEL A. GLADSTONE, is an individual and a resident and citizen of the state of New York.

8. The Defendant, University of Vermont and State Agricultural College ("UVM") is an institution for providing public higher education and is a non-profit corporation located in Burlington, Vermont. UVM's documents of creation specify that the school is formed as a body corporate with the power to sue and be sued.

**III.   Jurisdiction and Venue**

9. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are thought to be more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant because Defendant conducts business in Vermont and has sufficient minimum contacts with Vermont.

11. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) and (c)(2) because the Defendant resides (conducts business) and is subject to personal jurisdiction in this District.

12. Alternatively, venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District

### IV. Plaintiffs and Other Class Members Paid the Cost of Tuition, on-Campus Housing, Meals and/or Fees for the Semester of Spring 2020

13. Plaintiffs and Class members are individuals who paid either or any combination of the cost of tuition, on-campus housing, meals, and/or fees for UVM's semester in Spring of 2020.

14. Spring semester classes at UVM began on January 13, 2020. Final exams for the semester are scheduled to end on or around May 8, 2020. Prior to the COVID-19 outbreak, students were scheduled to move out of their residences on May 9, 2020; because of the COVID-19 outbreak, the students were required to move out in the middle of March.

15. Plaintiffs and the Class members paid the cost of tuition, on-campus housing, meals, and fees for the semester in Spring of 2020.

16. This year's (for 12-19 credit hours the 2019-2020 academic year) cost of tuition at UVM is $16,392 for an in-state resident and starts at $41,280 for an out-of-state resident. Average room and board costs at UVM for the year are $13,354.

17. Tuition figures described in the above paragraphs are provided by way of example; total damage amounts – which may include other fees not listed herein – will be proven at trial. There are also fees which are not included in the cost of tuition, which are separately discussed above and throughout this Complaint.

18. In exchange for these fees, UVM promised different learning environments, only a small fraction of which was online.

19. The UVM Office of Registrar, Schedule of Courses, Course Catalogue clearly indicates what a student is contracting for when he or she signs up for a course. The Schedule of Courses has section descriptions, including credit hours, prerequisites, location, and instructional method, such as "Lecture" (LEC), "Independent Study" (IS), "Practicum" (PRAC), "Laboratory" (LAB) Research (RSCH), "Hybrid" (HYBD), "Seminar" (SEM) v. "Online" (ONL).

4

20. UVM also promises a unique learning and living environment:[1]

> What's it like here? It's an intimate and diverse community of thinkers and doers. It's a bustling campus with something always going on. It's an outdoor paradise located in one of America's best college towns. At UVM, we're balanced in mind, body and spirit because UVM students seek out opportunities for work, service and play.

### V. In Response to COVID-19, UVM Gets It Half Right: Students Are Required or Encouraged to Leave Campus, but UVM Does Not Provide Them with an Adequate Refund of Partial Tuition, on-Campus Housing, Meals and Fees

21. Beginning in January of 2020, COVID-19 began presenting American cities and universities with an unprecedented, modern-day challenge: maintaining the fabric of our economy and communities while protecting American lives.

22. In March 2020, several U.S. cities, states, and municipalities began calling for social distancing to slow the spread of COVID-19. Eventually, some cities, states, and municipalities ordered citizens and residents to "shelter-at-home," effectively requiring them to stay home, other than to receive essential services.

23. At UVM, spring break for 2020 was from March 8th through 12th, such that most students were no longer on campus, but expecting to return. On March 11th, UVM announced it would be shifting to remote learning staring Wednesday, March 18th, and encouraged students not to return to residence halls. The announcement stated that "the university will remain open."

24. On March 23rd, UVM announced that remote instruction would continue for the remainder of the Spring semester and that "[u]ndergraduate students who currently reside on campus in the residence halls, as well as non-local students who live off-campus, should return to

---

[1] https://www.uvm.edu/campus_life

5

their homes." It also announced a $1,000 housing credit to student who could leave their residence halls by March 30th.

25. UVM has retained the value of payments made by Plaintiffs and the other Class members for tuition for live in-person instruction, on-campus housing, meals and fees, while failing to provide the services for which those fees were paid.

26. While the UVM Terms and Conditions for the Housing and Meal Plan Contract states that the University may terminate the contract "[i]n the event of calamity or catastrophe that would make continued operation of student housing infeasible, such as an influenza pandemic," the right to suspend performance under the contract does not equate to the right to keep unused fees.

27. And while the UVM Terms and Conditions for the Housing and Meal Plan Contract states that room and meal plan fees will not be refunded in the event of a "widespread pandemic flu," that provision is applicable only "[i]n the event that the University of Vermont closes…" UVM has not closed:

> **B. Emergency Closing**
> In the event that the University of Vermont closes due to a calamity or catastrophe beyond its control that would make continued operation of student housing infeasible, such as a natural disaster, a national security threat, or widespread pandemic flu, room and meal plan fees will not be refunded.

28. Class members have demanded the return of the unused amounts of funds paid for tuition, for on-campus housing, for meals and for fees, through a number of channels, while UVM has made clear its policy that it will not return any tuition or fees, and will only provide a minimal credit (not a full return of the pro-rated, unused amounts) for housing and an inadequate future credit for meals.

29. Through this lawsuit, Plaintiffs seeks—for themselves and the other Class members—a partial refund of tuition representing the difference in value of live in-person instruction versus

online distance learning, as well as the return of the unused portion of on-campus housing costs in UVM residence halls and other housing proportionate to the amount of time that remained in the Spring 2020 semester when students needed to move out of their on-campus housing, along with a full refund of the unused portion of each meal contract and a refund of a prorated share of fees.

### A. Defendant Failed to Refund Partial Tuition: The Difference in Value of Online Education vs. Live In-Person Instruction in Brick and Mortar Classrooms

30. UVM students were not offered a partial refund of tuition representing the value of the portion of the academic year that they were forced to use online distance learning platforms in lieu of live in-person instruction in brick and mortar classrooms.

31. Studies have shown that students do not perform as well in an online setting such that their grades, as well as their performance in future classes are negatively affected.

32. While Plaintiffs and Class members acknowledge Defendants' efforts to continue delivering their education in some format, their learning experiences have been stymied and disrupted.

33. Plaintiffs and Class members who paid tuition for live in-person instruction in brick and mortar classrooms that were forced to use online distance learning platforms for the remainder of the Spring 2020 semester did not get the full benefit of what they bargained for when they paid tuition for the Spring 2020 semester.

### B. Defendant Failed to Refund Pro-Rated On-Campus Housing Costs

34. While social distancing is recommended by healthcare professionals and even the Center for Disease Control and Prevention ("CDC"), the resulting impact to the economy—and individual families' wallets—cannot be overstated. UVM has not fully acknowledged that impact in the policies it has adopted.

7

35. To that end, UVM students were informed that they would receive a $1,000 credit to their student account so long as they moved out of residence halls by a set date.

## C. Defendant Failed to Refund Pro-Rated Meal Costs

36. Plaintiffs and Class members, in addition to the price of tuition, costs and fees, paid for on-campus meals of which they were not adequately refunded. After UVM was effectively closed and students were asked to leave, UVM students – including the Plaintiffs and Class members – lost access to the food being served on campus. UVM has failed to adequately reimburse students with a refund of the amounts paid (on a pro-rated basis) for meals.

## D. Defendant Failed to Refund Other Fees

37. Aside from the woefully insufficient "relief" provided to Plaintiffs and Class members for their on-campus housing costs, UVM failed to offer students a refund of any of the fees they paid for the semester that were unused or for which they had not received a benefit.

38. Examples of such fees are the comprehensive fees and parking fees.

39. This is so even though most UVM buildings were closed, and all student activities were canceled for the remainder of the Spring 2020 semester.

## CLASS REPRESENTATION ALLEGATIONS

40. Plaintiffs bring this action as a class action, pursuant to the Federal Rules of Civil Procedure under Rule 23, individually on behalf of the proposed classes ("Classes") enumerated in paragraph 48, under Class Definitions.

41. **Class Definitions**. Plaintiffs bring this case individually for damages, including equitable relief and disgorgement, on behalf of four Classes, defined as:

> **Tuition Class:** All people who paid tuition for or on behalf of students enrolled in classes at UVM for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the last quarter of the 2019-2020 academic year.

**On-Campus Housing Class**: All people who paid the costs of on-campus housing for or on behalf of students enrolled in classes at UVM for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of that semester because of UVM's policies and announcements related to COVID-19 (the "On-Campus Housing Class").

**Meals Class:** All the people who paid costs for meals and on-campus dining at UVM for the Spring 2020 semester (the "Meal Class").

**Fee Class:** All people who paid fees for or on behalf of students enrolled in classes at UVM for the Spring 2020 semester (the "Fee Class").

42. Excluded from the Classes are UVM, the Board of Trustees, and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees successors, or assigns, the judicial officers, and their immediate family members; and Court staff assigned to this case. Plaintiffs reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

43. This action has been brought and may properly be maintained on behalf of the Classes proposed herein under the criteria of Federal Rule of Civil Procedure, Rule 23 ("F.R.C.P. Rule 23").

44. **Numerosity – F.R.C.P. Rule 23(a)(1)** The members of each of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs but may be ascertained by UVM's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

45. **Commonality and Predominance – F.R.C.P. Rule 23(a)(2) and (b)(3)** This action involves questions of law and fact common to the Classes, which predominate over any individual questions, including:

    a)    Whether Defendants engaged in the conduct alleged herein;

9

b) Whether there is a difference in value between online distance learning and live in-person instruction;

c) Whether Defendants breached their contracts with Plaintiffs and the other Tuition Class members by retaining the portion of their tuition representing the difference between the value of one half a semester of online distance learning and one half a semester of live in-person instruction in brick and mortar classrooms;

d) Whether Defendants were unjustly enriched by retaining tuition payments of Plaintiffs and the Tuition Class representing the difference in value of one half a semester of online distance learning and one half a semester of live in-person instruction in brick and mortar classrooms;

e) Whether Defendants breached its contracts with Plaintiffs and the other members of the On-Campus Housing Class who entered into housing agreements by not refunding them a full pro-rated amount of their housing expenses when a pandemic prevented them (or the students on whose behalf they paid) from continuing to live on campus safely;

f) Whether Defendants were unjustly enriched by retaining payments of Plaintiffs and the other On-Campus Housing Class members while they (or the students on whose behalf they paid) moved out of their on-campus housing;

g) Whether Defendants breached its contracts with Plaintiffs and the other Meal Class members by retaining costs for food and on-campus dining without providing those services which the costs were intended to cover;

    h) Whether Defendants were unjustly enriched by retaining costs of Plaintiffs and the other Meal Class members without providing the food and on-campus dining options which those costs were intended to cover;

    i) Whether Defendants breached its contracts with Plaintiffs and the other Fee Class members by retaining fees without providing the services which the fees were intended to cover;

    j) Whether Defendants were unjustly enriched by retaining fees of Plaintiffs and the other Fee Class members without providing the services which the fees were intended to cover;

    k) Whether certification of any or all On-Campus Housing Class, Meal Class, Fee Class and/or Tuition Class is appropriate under F.R.C.P. Rule 23;

    l) Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

    m) The amount and nature of relief to be awarded to Plaintiffs and the other Class members.

46. **Typicality – F.R.C.P. Rule 23(a)(3)** Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members paid for tuition, housing, meals, fees and certain other costs associated with the Spring 2020 semester at UVM but were not provided the services that those fees and costs were meant to cover. Plaintiffs and the other Class members suffered damages—namely, the loss of their payments—as a direct and proximate result of the same wrongful conduct in which UVM engaged. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

47. **Adequacy of Representation – F.R.C.P. Rule 23(a)(4)** Plaintiffs is an adequate Class representative because his interests do not conflict with the interests of the other Class members who he seeks to represent, Plaintiffs has retained counsel competent and experienced in complex class action litigation, and Plaintiffs intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiffs and his counsel.

48. **Superiority of Adjudication as a Class Action – F.R.C.P. Rule 23(b)(3)** Because of the aforementioned, and in an effort to preserve judicial economy, this case will be best maintained as a Class Action, which is superior to other methods of individual adjudication of claims.

49. **Certification of Specific Issues – F.R.C.P. Rule 23(c)(4)** To the extent that a class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiffs seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief – F.R.C.P. Rule 23(b)(2)** UVM has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

### COUNT I:   Breach of Contact
### (Plaintiffs and Other Members of the Tuition Class)

50. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

51. Plaintiffs bring this claim individually and on behalf of other members of the Tuition Class.

52. Plaintiffs and the Tuition Class entered into contracts with UVM which provided that Plaintiffs and other members of the Tuition Class would pay tuition for or on behalf of students, and in exchange UVM would provide live in-person instruction in a brick and mortar classroom.

53. Plaintiffs and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing.

54. UVM breached the contract and the implied covenant of good faith and fair dealing with Plaintiffs and the Tuition Class by moving the remainder of the Spring 2020 semester to online distance learning platforms.

55. UVM retained tuition monies paid by Plaintiffs and other members of the Tuition Class, without providing them with the benefit of their bargain.

56. Plaintiffs and other members of the Tuition Class have been damaged in that they have been deprived of the value of the services the tuition was intended to cover – live in-person instruction in brick and mortar classrooms – while UVM retained those fees. Plaintiffs and other members of the Tuition Class were entitled to an equitable remedy – here: disgorgement of the difference between the value of one half a semester of online learning versus the value of one half a semester of live in-person instruction in brick and mortar classrooms.

## COUNT II: Breach of Contact
### (Plaintiffs and Other Members of the On-Campus Housing Class)

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

58. Plaintiffs bring this claim individually and on behalf of the other members of the On-Campus Housing Class.

59. Plaintiffs and other members of the On-Campus Housing Class entered into contracts in the form of agreements with UVM, which is the direct beneficiary, that provided that Plaintiffs

and other members of the On-Campus Housing Class would pay monies and, in exchange, UVM would provide housing in its residence halls and other campus affiliated-housing.

60. Plaintiffs and other members of the On-Campus Housing Class fulfilled their end of the bargain when they paid monies due and owing for their residence hall or other housing for the semester.

61. UVM breached the contract and the implied covenant of good faith and fair dealing with Plaintiffs and the On-Campus Housing Class by failing to provide housing for the entire semester; accordingly, Plaintiffs and other members of the On-Campus Housing Class were entitled to an equitable remedy in the event of a breach—here: disgorgement of the unused days of housing costs already charged.

62. UVM has retained monies paid by Plaintiffs and other members of the On-Campus Housing Class for their Spring 2020 residence hall housing, without providing them the benefit of their bargain.

63. UVM's performance under the contracts is not excused because of COVID-19 and the housing agreements provide no such terms excusing performance given nationwide pandemics. Indeed, UVM should have fully refunded the pro-rated portion of any unused housing costs, while UVM breached its contract with individuals who paid for on-campus housing. Even if performance was excused or impossible, UVM would nevertheless be required to return the funds received for services that will not be provided.

64. Plaintiffs and other members of the On-Campus Housing Class have been damaged in that they have been deprived of the value they paid for residence hall housing while UVM retained that value.

## COUNT III: Breach of Contact
### (Plaintiffs and Other Members of the Meal and Fee Classes)

65. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

66. Plaintiffs bring this claim individually and on behalf of the other members of the Meal and Fee Classes.

67. Plaintiffs, the Meal Class, and the Fee Class entered into contracts with UVM, which provided that Plaintiffs and other members of the Meal and Fee Classes would pay costs for or on behalf of students, and in exchange, UVM would provide food and services to students.

68. UVM breached the contracts and the implied covenant of good faith and fair dealing when it moved classes online, closed most university buildings, and stopped providing food and services for which these fees were intended to pay.

69. UVM retained monies paid by Plaintiffs and the other members of the Meal and Fee Classes, without providing them the benefit of their bargain.

70. Plaintiffs and the other members of the Meal and the Fee Classes have been damaged in that they have been deprived of the value of the services the fees they paid were intended to cover, while UVM retained those fees. Plaintiffs and other members of the Meal and Fee Classes were entitled to an equitable remedy – here: disgorgement of the pro-rated, unused amounts of costs already charged and collected.

## COUNT IV: Unjust Enrichment
### (Plaintiffs and Other Members of the Tuition Class)

71. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

72. Plaintiffs bring this claim individually and on behalf of the other members of the Tuition Class and in the alternative to the breach of contract claim brought on behalf of Plaintiffs and the other members of the Tuition Class.

73. UVM has received and retained a benefit at the expense of Plaintiffs and other members of the Tuition Class to which it is not entitled. Plaintiffs and other members of the Tuition Class paid substantial tuition for live in-person instruction in brick and mortar classrooms. Defendant received the benefit of these funds despite not providing the quality or quantity of the promised services.

74. Accordingly, under the circumstances, it would be unjust for UVM to retain monies paid for tuition for the Spring 2020 semester by Plaintiffs and other members of the Tuition Class. Equity demands the return of value of the difference between one half of one semester of instruction on online distance learning platforms versus one half of one semester of live in-person instruction in brick and mortar classrooms.

75. UVM has been unjustly enriched by retaining the monies paid by Plaintiffs and other members of the Tuition Class for live in-person instruction in brick and mortar classrooms without providing the services for which those monies were paid. Equity requires that UVM return a portion of the monies paid in tuition to Plaintiffs and other members of the Tuition Class.

## COUNT V: Unjust Enrichment
### (Plaintiffs and Other Members of the On-Campus Housing Class)

76. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

77. Plaintiffs bring this claim individually and on behalf of the other members of the On-Campus Housing Class and in the alternative to the breach of contract claim brought on behalf of Plaintiffs and the other members of the On-Campus Housing Class.

78. UVM has received a benefit at the expense of Plaintiffs and other members of the On-Campus Housing Class to which it is not entitled. Plaintiffs and other members of the On-Campus Housing Class paid for housing. Defendant received the benefit of these funds despite not providing the quality or quantity of the promised services and without incurring all the costs of providing such services.

79. Accordingly, under the circumstances, it would be unjust for UVM to retain the unused monies paid for on-campus housing for the Spring 2020 semester by Plaintiffs and other members of the On-Campus Housing Class. Equity demands the return of the pro-rated, unused amounts paid by Plaintiffs and other members of the On-Campus Housing Class.

80. UVM has been unjustly enriched by retaining the monies paid by Plaintiffs and other members of the On-Campus Housing Class for residence hall housing for the semester while not providing the housing for which those monies were paid. Equity requires UVM return the full pro-rated unused amounts paid by Plaintiffs and other members of the On-Campus Housing Class for their housing expenses.

## COUNT VI: Unjust Enrichment
### (Plaintiffs and Other Members of the Meal and Fee Classes)

81. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

82. Plaintiffs bring this claim individually and on behalf of the other members of the Meal and Fee Classes, respectively, and in alternative to the breach of contract claim brought on behalf of Plaintiffs and the other members of the Meal and Fee Classes.

83. UVM has received a benefit at the expense of Plaintiffs and other members of the Meal and Fee Classes to which it is not entitled. Plaintiffs and other members of the Meal and Fee Classes paid UVM for meals and other services on campus. Defendant received the benefit of these funds despite not providing the quality or quantity of the promised services and without incurring all the costs of providing such services.

84. Accordingly, under the circumstances, it would be unjust for UVM to retain the monies paid for meals and fees for the Spring 2020 semester by Plaintiffs and other members of the Meal and Fee Classes. Equity demands the return of these amounts paid by Plaintiffs and other members of the Meal and Fee Classes.

85. UVM has been unjustly enriched by retaining the fees paid by Plaintiffs and the other members of the Fee Class for the semester while not providing the services for which those fees were intended. Equity requires that UVM to return the fees paid by Plaintiffs and the other members of the Fee Class.

## REQUEST FOR RELIEF

86. Plaintiffs, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

a) Certifying the Classes as requested herein, designating Plaintiffs as class representative, and appointing the undersigned counsel as Class Counsel;

b) Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

c) Declaring that Defendants have wrongfully kept monies paid for tuition, on-campus housing, meals, and fees;

d) Requiring that Defendants disgorge amounts wrongfully obtained for on-campus tuition, on-campus housing, meals and fees.

e) Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from retaining the pro-rated, unused monies paid for tuition, on-campus housing, meals and fees;

f) Awarding Plaintiffs' reasonable attorney's fees, costs and expenses;

g) Awarding pre- and post-judgment interest on any amounts awarded; and

h) Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

87. The Plaintiffs demands a trial by jury of all claims so triable by right.

Dated: April 20, 2020

                          **Ice Legal, P.A.**
                          Attorney for Plaintiffs
                          20 Portsmouth Ave. Suite 1, No. 225
                          Stratham, NH 03885
                          Telephone (603) 242-1503
                          tom.ice@icelegal.com
                          ariane.ice@icelegal.com
                          service@icelegal.com

                          By: _____
                                ARIANE ICE

20